IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SANDATA TECHNOLOGIES, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>FIRST DATA GOVERNMENT SOLUTIONS, INC.,<br><br>    Defendant. | Civil Action No. 07-79-GMS<br><br>**JURY TRIAL DEMANDED** |

## ANSWER TO COMPLAINT

Defendant, First Data Government Solutions, Inc. ("FDGS") by and through the undersigned attorneys, hereby responds to the Complaint of Sandata Technologies, Inc. ("Sandata"), and states in numbered paragraphs corresponding to the numbered paragraph of the complaint as follows. Allegations not expressly admitted are denied.

### The Parties

1. FDGS lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 1 and therefore denies the same.

2. Admitted that FDGS is a Delaware corporation. FDGS's principal place of business is 11311 Cornell Park Drive, Cincinnati, Ohio, 45230.

3. FDGS admits that the Complaint purports to be an action for patent infringement arising under the Patent Laws of the United States. FDGS denies that any infringement exists.

4. FDGS admits that subject matter jurisdiction is proper in this Court.

5. FDGS admits that venue is proper in this district.

**Facts**

6. FDGS admits U.S. Patent No. 5,255,183 ("the '183 patent") bears an issue date of October 19, 1993 and is entitled "Telephone-Based Personnel Tracking System." FDGS further admits that that Exhibit A appears to be a true and correct copy of the '183 patent. FDGS denies, however, that the '183 patent was duly and legally issued.

7. FDGS admits U.S. Patent No. 5,646,839 ("the '839 patent") bears an issue date of July 8, 1997 and is entitled "Telephone-Based Personnel Tracking System." FDGS further admits that that Exhibit B appears to be a true and correct copy of the '839 patent. FDGS denies, however, that the '839 patent was duly and legally issued.

8. FDGS admits U.S. Patent No. 5,963,912 ("the '912 patent") bears an issue date of October 5, 1999 and is entitled "Telephone-Based Personnel Tracking System." FDGS further admits that that Exhibit C appears to be a true and correct copy of the '912 patent. FDGS denies, however, that the '912 patent was duly and legally issued.

9. FDGS is without knowledge or information sufficient to admit or deny the allegations in Paragraph 9 and therefore denies the same.

10. FDGS admits that it has made, used, sold, offered for sale and/or licensed telephonic time and/or attendance systems. FGDS denies that any license or authorization from Sandata is required.

**Count One – Infringement of U.S. Patent 5,255,183**

11. FDGS incorporates herein by reference the answers stated in Paragraphs 1 to 10.

12. Denied.

13. Denied.

14. Denied.

**Count Two – Infringement of U.S. Patent 5,646,839**

15. FDGS incorporates herein by reference the answers stated in Paragraphs 1 to 10.

16. Denied.

17. Denied.

18. Denied.

### Count Three – Infringement of U.S. Patent 5,963,912

19. FDGS incorporates herein by reference the answers stated in Paragraphs 1 to 10.

20. Denied.

21. Denied.

22. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The '183, '839, and '912 patents, and each claim thereof, are invalid for failing to comply with the requirements for patentability under the Patent Laws of the United States, including 35 U.S.C. §§ 102, 103, and 112.

### Second Affirmative Defense

FDGS has not infringed any claim of the '183, '839, and '912 patents.

## PRAYER FOR RELIEF

WHEREFORE, FDGS requests the following relief:

(a) The Complaint be dismissed with prejudice;

(b) That United States Patent No. 5,255,183 is invalid;

(c) That United States Patent No. 5,646,839 is invalid;

(d) That United States Patent No. 5,963,912 is invalid;

(e) That United States Patent No. 5,255,183 is not infringed by any of FDGS's activities or products;

  (f) That United States Patent No. 5,646,839 is not infringed by any of FDGS's activities or products;

  (g) That United States Patent No. 5,963,912 is not infringed by any of FDGS's activities or products;

  (h) That Plaintiff, its agents, employees, and assigns be permanently enjoined from asserting any charge of infringement of the '183, '839, and '912 patents against FDGS, its agents, employees, successors, and assigns;

  (i) That this case be declared an exceptional case under 35 U.S.C. § 285 and that Samsung be awarded its attorney fees and costs in this action; and

  (j) That this Court award FDGS such other and further relief as may be deemed just and proper.

## JURY DEMAND

First Data demands a trial by jury on all issues so triable.

Dated:  May 18, 2007    FISH & RICHARDSON P.C.

    By: /s/ Timothy Devlin
      William J. Marsden, Jr. (#2247)
      Timothy Devlin (#4241)
      Gregory Booker (#4784)
      919 N. Market Street, Suite 1100
      P.O. Box 1114
      Wilmington, DE  19801
      (302) 652-5070
      Email:  marsden@fr.com
      Email:  tdevlin@fr.com
      Email:  booker@fr.com

    Attorneys for Defendant
    First Data Government Solutions, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2007, I electronically filed with the Clerk of Court Answer using CM/ECF which will send electronic notification of such filing(s) to the following Delaware counsel. In addition the filing will also be sent via hand delivery:

| | |
|---|---|
| David E. Moore | Attorneys for Plaintiff |
| Daniel F. Wolcott, Jr. | Sandata Technologies, Inc. |
| Potter Anderson & Corroon LLP | |
| Hercules Plaza | |
| 1313 North Market Street, 6th floor | |
| P.O. Box 951 | |
| Wilmington, DE  19899 | |

I hereby certify that on May 18, 2007, I have mailed by United States Postal Service, the document(s) to the following non-registered participants:

| | |
|---|---|
| Peter F. Felfe | Attorneys for Plaintiff |
| Daniel M. Gantt | Sandata Technologies, Inc. |
| Thorsten Schmidt | |
| Fulbright & Jaworski L.L.P. | |
| 666 Fifth Avenue, 31st Floor | |
| New York, NY  10103 | |

                                              /s/ Timothy Devlin
                                              Timothy Devlin

80042926.doc